C.J. Veverka (Bar No. 07110)
cveverka@mabr.com
Mark Ford (Bar No. 10629)
mford@mabr.com
Kirk Harris (Bar No. 10221)
kharris@mabr.com
**MASCHOFF BRENNAN**
1389 Center Drive, Suite 300
Park City, UT 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

*Attorneys for Plaintiff, CAO GROUP, INC.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, Inc., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ACTEON GROUP, a French corporation and ACTEON, INC., a New Jersey corporation,<br><br>    Defendants. | **COMPLAINT**<br><br>JURY DEMAND<br><br>Case No. 2:13-cv-00284-RJS<br><br>Judge Robert J. Shelby |

Plaintiff CAO Group, Inc. ("CAO") hereby complains and alleges against Defendants Acteon Group and Acteon North America as follows:

## PARTIES

1. Plaintiff CAO is a Utah corporation located at 4628 West Skyhawk Drive, West Jordan, UT 84084.

2. On information and belief, Defendant Acteon Group ("Acteon Group") is a French corporation with a principal place of business at 17 av. Gustave Eiffel – B.P. 30216, 33708 Merignac cedex – France.

3. On information and belief, Defendant Acteon, Inc. ("Acteon North America") is a New Jersey corporation with a principal place of business at 124 Gaither Drive, Suite 140, Mount Laurel, New Jersey 08054.

4. On information and belief, Defendant Acteon North America is a subsidiary of Defendant Acteon Group.

## NATURE OF THE ACTION

5. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

6. On information and belief, Defendants have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe CAO's U.S. Patent No. 6,719,559 (the "'559 Patent).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Defendant Acteon Group because, on information and belief, Acteon Group does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this state and judicial; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

9. This Court has personal jurisdiction over Defendant Acteon North America because, on information and belief, Acteon North America does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District and residing in this State as a registered Utah business entity, (iii) directing advertising to or soliciting business from persons residing in this state and judicial District through at least sales, and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

11. Plaintiff CAO designs, develops, manufactures, and markets various products for use in the dental industry, including but not limited to dental curing lights.

12. CAO has sought protection for its technological innovations, which has resulted in numerous issued patents, including the '559 Patent.

13. The '559 Patent issued on April 13, 2004, and is titled "Curing Light." CAO is the owner by assignment of the '559 Patent.

14. On information and belief, Defendants develop, market, and/or manufacture a number of products for the dental industry, including dental curing lights that include light emitting diodes ("LED").

15. On information and belief, Defendant Acteon Group operates and maintains a website at www.acteongroup.com, where Acteon Group's products are marketed to consumers worldwide.

16. On information and belief, Defendant Acteon North America purports to be a subsidiary of Defendant Acteon Group and maintains a website at acteonsupport.com and

provides all sales, marketing, customer service and technical support for Acteon products in the Unites States.

17. Some of Defendants' LED dental curing lights are marketed in Defendants' "Mini LED" series of products (including, for example, the "Mini LED"). From the Mini LED series of products, at least the "Mini LED" is an exemplary product that infringes the '559 Patent and is referred to as the "Accused Product."

18. Instructions regarding how to use the Accused Product is available on the Acteon North America website.

19. Acteon North America has actual notice of the '559 patent.

## COUNT ONE

**(Infringement Of The '559 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq.*)**

20. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

21. The Accused Products, including at least the Mini LED, does not have a substantial use that does not infringe at least claim 16 of the '559 Patent.

22. On information and belief, Defendants have had actual notice of the '559 Patent as well as constructive notice pursuant to 35 U.S.C. § 287.

23. On information and belief, Defendants have (1) infringed and continue to infringe at least claim 16 of the '559 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused and/or (2) contributed to the infringement of at least claim 16 of the '559 Patent, and/or actively induced others to infringe at least claim 16 of the '559 Patent, in this District and elsewhere in the United States.

24. Defendants' actions constitute infringement, active inducement of infringement, and/or contributory infringement of at least claim 16 of the '559 Patent in violation of 35 U.S.C. § 271.

25. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

26. CAO is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

27. Defendants' infringement of CAO's rights under at least claim 16 of the '559 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

28. Upon information and belief, Defendants have willfully infringed at least claim 16 of the '559 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CAO asks this Court to enter judgment in its favor and against Defendants and grant the following relief:

A. An adjudication that Defendants have willfully infringed and continue to infringe Asserted Patents.

B. Orders of this Court temporarily, preliminarily, and permanently enjoining Defendants, their agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of Asserted Patents pursuant to at least 35 U.S.C. § 283;

C. An award of damages adequate to compensate CAO for Defendants' infringement of the Asserted Patents in an amount to be proven at trial;

D. A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

E. A trebling of the damage award to Plaintiff;

  F. An assessment and award of pre- and post-judgment interest on all damages awarded; and

  I. Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: April 24, 2013    **MASCHOFF BRENNAN**

          By: */s/ Mark W. Ford*
           C.J. Veverka, Esq.
           Kirk R. Harris, Esq.
           Mark W. Ford, Esq.

         *Attorneys for Plaintiff, CAO GROUP, INC.*